UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARETHA C. HERTLE,<br><br>      Plaintiff,<br><br>  - against -<br><br>SALLIE MAE, GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.; AND PERFORMANT RECOVERY, INC.,<br><br>      Defendants. | Docket No: 14-cv-01395-DNH-TWD<br><br>**ANSWER** |

Defendant GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION, incorrectly sued herein as GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. ("GLELSI" or "Defendant"), by and through its attorneys, HINSHAW & CULBERTSON LLP, for its answer to Plaintiff's Complaint (the "Complaint") herein states as follows:

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PARTIES"

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "FACTS"

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that GLELSI attempted to communicate with Plaintiff in connection with a federal student loan held by Sallie Mae (the "Federal Student Loan").

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that GLELSI attempted to communicate with Plaintiff in connection with a Federal Student Loan.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except denies those allegations with respect to GLELSI.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except denies those allegations with respect to GLELSI.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except denies these allegations with respect to GLELSI but admits that it attempted to communicate with Plaintiff.

11.     The allegations of "unfair and deceptive business and collection practices" constitute a legal conclusion for which no response is required. Related to the remaining allegations, denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 11 of the Complaint, except denies these allegations with respect to GLELSI.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

13.[1] Denies the allegations contained in the second paragraph 13 of the Complaint.

14. The allegations of "unfair and deceptive business and collection practices" constitute a legal conclusion for which no response is required. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except denies these allegations with respect to GLELSI.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except denies the allegations with respect to GLELSI.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

16.[2] The allegations of legal violations constitute legal conclusions for which no response is required. To the extent a response is required, GLELSI denies the allegations contained in the second paragraph 16 of the Complaint.

---

[1] The Complaint contains a second paragraph 13 and is therefore mis-numbered

[2] The Complaint contains a second paragraph 16 and is therefore mis-numbered.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "COUNT 1 -
HERTLE V. SALLIE MAE - INVASION OF PRIVACY"**

17. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 16 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "COUNT 11 – HERTLE V SALLIE
MAE (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)"**

23. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 22 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

130941703v1 1991

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendants, they are denied.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "COUNT 111 – HERTLE VS.
SALLIE MAE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"**

29. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 28 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendants, they are denied.

130941703v1 1991

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "COUNT 1V – HERTLE VS. SALLIE (15 U.S.C.S. SEC. 1692)"**

35.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 34 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "COUNT V –
HERTLE V. GREAT LAKES – INVASION OF PRIVACY"**

37.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 36 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

**UNDER THE HEADING "COUNT VI – HERTLE V. GREAT
LAKES – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"**

43.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 42 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint, except admits that GLELSI attempted to communicate with Plaintiff in connection with her Federal Student Loan.

45. Denies the allegations contained in paragraph 45 of the Complaint, except admits that GLELSI attempted to communicate with Plaintiff in connection with her Federal Student Loan.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendants, they are denied.

### UNDER THE HEADING "COUNT V11 – HERTLE V. GREAT LAKES –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"

49. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 48 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint, except admits that GLELSI attempted to communicate with Plaintiff in connection with her Federal Student Loan.

51. Denies the allegations contained in paragraph 51 of the Complaint, except admits that GLELSI attempted to communicate with Plaintiff in connection with her Federal Student Loan.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. The allegations contained in paragraph 54 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendants, they are denied.

### UNDER THE HEADING "COUNT VIII – <u>HERTLE V. GREAT LAKES (15 U.S.C.S. SEC 1692)</u>"

55. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 54 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "COUNT IX – <u>HERTLE V. PERFORMANT – INVASION OF PRIVACY</u>"

57. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 56 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

130941703v1 1991

**UNDER THE HEADING "COUNT X – HERTLE V. PERFORMANT
– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"**

63. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 62 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Denies the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendants, they are denied.

**UNDER THE HEADING "COUNT XI – HERTLE V. PERFORMANT
– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"**

69. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 68 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

130941703v1 1991

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. The allegations contained in paragraph 74 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendants, they are denied.

### UNDER THE HEADING "COUNT XII – HERTLE V. PERFORMANT (15 U.S.C.S. SEC 1692)"

75. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 74 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

GLELSI asserts that, upon information and belief, arbitration may be the appropriate venue for plaintiff's claims, as any of the Defendants may possess certain arbitration rights based on contracts entered into by plaintiff, and this matter may be precluded from proceeding within the United States District Court.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively states that Plaintiff has no incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by the FDCPA (15 U.S.C. §1692, *et. seq.*).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by the Higher Education Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's FDCPA claims against GLELSI fail because it is not a debt collector.

### EIGHTH AFFIRMATIVE DEFENSE

Any violation of the FDCPA, which GLELSI denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any violation of the FDCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information provided by other persons or entities other than an agent, servant or employee of GLELSI.

## TENTH AFFIRMATIVE DEFENSE

Any recovery to the Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying debt.

## ELEVENTH AFFIRMATIVE DEFENSE

Any communications by Defendant with Plaintiff comply with the provisions of the FDCPA and/or the applicable federal student loan guidelines.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by legal or equitable doctrines including but not limited to estoppel, waiver and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

GLELSI reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. respectfully requests that the Court dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
November 25, 2014

    HINSHAW & CULBERTSON LLP
    *Attorneys for Defendant*
    *GREAT LAKES EDUCATIONAL*
     *LOAN SERVICES, INC.*

    By: *s/ Concepcion A. Montoya*
        Concepcion A. Montoya (CM-7147)

    800 Third Avenue, 13th Floor
    New York, New York 10022
    Tel: (212) 471-6200

TO:

**Margaretha C. Hertle**
*Plaintiff Pro Se*
1320 State Highway 217
Ghent, New York 12075
Tel. (518) 672-7448

**Aaron R. Easley**
**Sessions, Fishman Law Firm - NJ Office**
*Attorneys for Defendant Sallie Mae*
3 Cross Creek Drive
Flemington, New Jersey 08822-4938
Tel: (908) 237-1660
Fax: (908) 237-1663
Email: aeasley@sessions-law.biz

13